De Peyster *v.* Pulver.

---

SAME TERM. *Before the same Justices.*

## DE PEYSTER *vs.* PULVER.

After one of the parties to an agreement has refused to execute the same, on his part, and has declared his inability to do so, he cannot insist upon a performance thereof by the other party.

Where a contract has been abandoned, by mutual agreement of the parties thereto, one party cannot sue the other, upon a note given as a part of the consideration for the performance of the contract by the party suing.

THIS was an action of assumpsit tried before PARKER, circuit judge, at the Columbia circuit, in March, 1846. The

plaintiff, upon the trial, proved the execution of a promissory note by the defendant, payable to the plaintiff or order, for two hundred and fifty dollars on demand, dated 27th February, 1843. The defendant proved an agreement, signed by the plaintiff, as follows:

"Received, 27th February, 1843, of John Pulver, four hundred dollars, which being part of seven hundred dollars which it has been agreed is to be paid by him to me in consideration of my releasing to him the quarter sales and all future rights of quarter sales, on a certain farm leased by John G. Tator from James Van Rensselaer, May 5, 1800. The remainder of the seven hundred dollars is to be paid on receiving the release which is to be sent to some person in Hudson, and delivered to him on the payment of said remainder, for which a note has this day been given. Received in addition the sum of fifty dollars. It is also understood that in case of its being determined finally that my title to such quarter sales is not good, then I am to refund the seven hundred dollars without interest.

                                          J. WATTS DE PEYSTER."

The note upon which this suit was brought is the note mentioned in the agreement, given for the balance of the $700.

The defendant, having prepared a release to be executed by the plaintiff in pursuance of the agreement, on the 11th day of March, 1843, sent an agent with such release to the plaintiff, and requested him to execute the same, and at the same time offered to pay him the amount of the note, upon the execution of the release. The plaintiff refused to execute the release, on the ground that it was not drawn in accordance with the agreement, and at the same time stated that he considered the contract at an end, and offered to refund the $450 he had received. In June, 1843, the defendant himself called on the plaintiff and asked him if he had made up his mind to give him the release. The plaintiff said that probably the quarter sales belonged to some other persons before he became of age, and *he could not give such a release as he had agreed to give. He then asked the defendant if he would receive the money back that had*

De Peyster v. Pulver.

been paid to him, and he told him he would. In the fall of the same year, the defendant's counsel again spoke to the plaintiff about the release. He told him that he could not, or would not, execute such a release as he had agreed to give, and that the quarter sales and rents of the farm belonged to some other persons before he became of age.

On the 29th of April, 1845, the plaintiff tendered to the defendant a release duly executed, which he claimed to be in conformity with the agreement, and demanded payment of the note. The defendant refused to accept the release, or to pay the note.

The judge charged the jury that the release tendered to the defendant on the 29th of April, 1845, was such a release as was required by the agreement of February 27, 1843; that the same was tendered in time, and that it was a good performance of the agreement by the plaintiff, and the defendant ought to have accepted the same and paid the note; that the plaintiff was entitled to recover the amount of the note, with interest from the time the release was tendered, and directed them to find a verdict for that amount. The jury accordingly found a verdict for the plaintiff for $266,05. The defendant's counsel excepted to each and every part of the judge's charge separately.

*J. C. Newkirk,* for the defendant.

*J. Sutherland,* for the plaintiff.

*By the Court,* HARRIS, J. I think the release tendered by the plaintiff to the defendant was not such as the defendant had a right to require, in performance of the agreement of the 27th of February, 1843; but the view I have taken of the other questions in the case, renders it unnecessary to decide this point. Nor do I deem it necessary to determine whether the release which was presented to the plaintiff for execution, by the defendant's agent in March, 1843, was in conformity with the agreement, although it seems to be substantially what the

De Peyster v. Pulver.

plaintiff had bound himself to give. It was the duty of the plaintiff to prepare and execute such a release as he had agreed to give, and if the instrument the defendant had prepared was objectionable, he should, when called upon to execute the release, have performed his agreement without unreasonable delay. His omission to do so, for two years, may well be regarded as a relinquishment of the contract on his part.

But it is evident from the conduct and declarations of the plaintiff that he did not intend to perform the agreement, although, when called upon in March, 1843, he refused to execute the release which was presented to him for execution, on the ground that it was not drawn in accordance with his agreement, yet he added that he considered the contract at an end, and offered to refund the amount that had been paid by the defendant. Three months afterwards, when asked by the defendant whether he had concluded to give the release, he stated that he was unable to do so, as the quarter sales probably belonged to some other persons. He also offered to refund to the defendant the money he had already paid, and the defendant agreed to receive it. From this time, at least, the contract must be considered as rescinded. Having refused to execute the release, and declared his inability to do so, the plaintiff had no right afterwards to insist upon a performance of the agreement. The defendant having consented to receive back from the plaintiff the money he had paid, could not afterwards claim from the plaintiff the execution of the release. The acts of both parties sufficiently show a mutual agreement that the contract between them should be abandoned. The contract being thus abandoned by mutual agreement, the note for which this action is brought, and which was given as a part of the consideration for the performance of the contract by the plaintiff, cannot be recovered. On the contrary, I see no reason why the plaintiff may not be compelled to refund to the defendant the money already paid. (*Gillet* v. *Maynard*, 5 *John*. 85. *Van Benthuysen* v. *Crapser*, 8 *Id*. 257.) I am of opinion, therefore, that the circuit judge erred in charging the jury that the tender of a release by the plaintiff on the 29th of April, 1845, was

a good performance of the agreement by the plaintiff, and that the defendant ought to have accepted the same and paid the note. A new trial must be granted.

SAME TERM.     *Before the same Justices.*