Fullager v. Reville.

---

FULLAGER V. REVILLE.

*'ontract — rescission of — what operates as rescission.*

An agreement for the sale of a house and lot contained a provision that the party failing to perform should pay, as liquidated damages, $500. The vendee took possession. After a failure on her part to perform, and when there was due upon the contract the sum of $339, for principal, interest, etc., she executed and delivered an assignment of her interest in the premises to the vendor, who re-took possession. *Held,* that the agreement was mutually rescinded, and the vendor could not maintain an action thereupon for the $500 damages, nor for the $339 unpaid.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the report of a referee.

The actions, two in number, were brought by James Fullager against Emily Reville, one to recover the damages stipulated in a contract for the sale of real estate for an alleged breach thereof, and the other to recover moneys alleged to be due from defendant to plaintiff under such contract. The actions were referred to the same referee, and tried together. Enough facts appear in the opinion.

*Charles R. Lee* and *W. C. Anthony*, for appellant, cited upon the question of plaintiff's right to recover the penalty, *Astley* v. *Weldon*, 2 Bos. & Pul. 346 ; *Kemble* v. *Farren*, 6 Bing. 141 ; *Cotheal* v. *Talmage*, 9 N. Y. 551 ; *Clement* v. *Cash*, 21 id. 253.

*Cassedy & Brown*, for respondent.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

TAPPEN, J. The plaintiff agreed to sell and the defendant to buy a house and lot in Newburgh on certain terms. The agreement was in writing, and the defendant went into possession as vendee under a contract for the sale of lands.

The first installment of $450 was paid by the defendant, but she failed in the other payments of the principal. She made certain payments toward the interest, insurance and taxes, but on the 12th of May, 1873, she was in arrears to the plaintiff for these items to the amount of $339 for interest and $39 for taxes.

The contract contained a clause by which the sum of $500 was declared fixed and agreed upon as liquidated damages to be paid by the party failing to perform. On the the 12th of May, 1873, the defendant executed and delivered to the plaintiff, indorsed upon the contract of purchase, the following instrument: " I, Emily Reville, within named, in consideration of $1 to me paid by James Fullager, within named, the receipt whereof is hereby acknowledged, do hereby surrender, quit-claim and release to said James Fullager all my right, title and interest in the property within described and in the within contract; and I do hereby yield up and surrender the possession of said property to said Fullager, and direct all tenants in possession under me to pay the rent to said Fullager and surrender

possession to him at the expiration of their lease. Witness my hand and seal. May 12, 1873. Emily Reville. (L. S.)"

And the plaintiff thereupon re-took the premises and went into possession, free and discharged from any contract with the defendant.

Thereafter the plaintiff brought two actions against the defendant, one to recover the sum of $500 as liquidated damages under the contract; the action was dismissed at the trial. The other action was to recover the interest and taxes before stated, which the defendant had neglected to pay the plaintiff; in this action the plaintiff had a recovery of $12, being for rent which defendant had collected of a sub-tenant for the month of May, 1873, and which she had agreed to pay the plaintiff; the remainder of the plaintiff's demand was rejected by the referee on the decision of the case. This opinion will apply to both actions.

The defendant's liability depends upon the original contract of purchase, and the plaintiff's claims against the defendant arise entirely out of that contract, and it was subsequently mutually rescinded. This rescission destroys the contract and terminates the liability of either party to the other, unless some right be reserved in the terms of rescission. We use the term "mutually rescinded" because, while the agreement of rescission was signed by the defendant (the vendee) only, it was at the request of and accepted by the plaintiff, the vendor, and the rescission, surrender and release, accepted by the plaintiff, put an end to the contract.

A contract rescinded, waived or abandoned is dead, and cannot be resuscitated by the act of one party to it. *Wood* v. *Perry*, 1 Barb. 114, and cases cited. That the rescission of an executory contract destroys it as to both parties is decided in *Healy* v. *Utly*, 1 Cow. 354; *De Peyster* v. *Pulver*, 3 Barb. 284, and cases cited; *Battle* v. *Rochester City Bank*, 3 N. Y. 88.

It is held in a number of cases that if a contract be changed, the action must be upon the modified contract. *Baldwin* v. *Munn*, 2 Wend. 399, 587; *Philips* v. *Rose*, 8 Johns. 392; *Freeman* v. *Adams*, 9 id. 115.

In the case at bar the contract of rescission reserved no rights to the plaintiff against the defendant, and was fully performed by the defendant. It is said in *Raymond* v. *Barnard*, 12 Johns. 274, that an agreement rescinded in part is rescinded *in toto*, unless some other intent be manifest. From all the authorities, and the reason

of the case, it is clear that one party who agrees to and accepts a rescission, without reserving any claim under the rescinded contract, cannot hold the other party thereto.

The decision in each of these cases was, therefore, correct, and the judgment in each of them should be affirmed, with costs.

*Judgment affirmed.*