# Holloway *v.* Talbot.

70  389
134  351

### *Action on Common Counts for Work and Labor Done.*

1. *When recovery may be had under common counts, for wages under special contract.*—When a person has peformed services under a special contract of employment, and has been discharged, without fault on his part, before the expiration of the term, he may recover the stipulated wages, after the expiration of the term, under the common counts.

2. *Breach of contract of employment; what will defeat or reduce recovery.*—When an action is brought to recover wages under a special contract of employment, plaintiff having been dismissed, without fault, before the expiration of the term, the defendant may defeat a recovery by showing that plaintiff, after his dismissal, engaged in other business, thereby negativing the fact that he kept himself in readiness to perform the contract on his part; or he may reduce the amount of the recovery, by showing that plaintiff had obtained after his dismissal, or might by reasonable diligence have obtained, other employment of the same general nature; but the other employment must have been of the same general nature, and the *onus* of proving it is on the defendant.

3. *Acceptance of part, in satisfaction of whole demand; infancy.*—The acceptance of part of a debt or demand is not an extinguishment of it, nor a waiver of the right to insist on full payment; and an agreement to accept it in full satisfaction is without consideration, and not binding on an infant.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Bailey M. Talbot, a minor, suing by his mother as his next friend, against George F. Holloway; and was commenced on the 17th September, 1880. The complaint contained three counts; the first claiming $225, alleged to be due from defendant "by account, for work and labor done by plaintiff for Holloway & Murphree, a late partnership composed of defendant and Eugene Murphree (who is not sued), as a clerk in their store, commencing from 10th December, 1879, and ending September 1st, 1880;" the second claiming the same amount, "on account stated between plaintiff and said Holloway & Muphree, on, to-wit, the 10th December, 1879;" and

the third claiming the same amount; "due by special agreement made between plaintiff and said Holloway & Murphree, late partners as aforesaid, on, to-wit, the 10th December, 1879, whereby plaintiff was to serve and work for said Holloway & Murphree, as a clerk in their store, from the 10th December, 1879, until the 1st September, 1880, for the sum of $25 per month, to be paid by the said Holloway & Murphree." The defendant pleaded "*non assumpsit*, in short by consent," payment, and two special pleas, each averring, in substance, that plaintiff being a minor, and his father being dead, the right of action was in his mother; and the judgment-entry recites that issue was joined on these pleas. On the trial, as appears from the bill of exceptions, the plaintiff proved his contract of employment as alleged, by the testimony of said E. Murphree, who also testified that the partnership of Holloway & Murphree was dissolved on the 16th January, 1881, Holloway assuming all the liabilities of the firm; and that the plaintiff worked for the said firm, under his said contract, as their clerk, at $25 per month, until the dissolution of the firm, "but never worked for said Holloway, or the firm, after that time." The plaintiff himself testified, in his own behalf, to the same fact, and further that, "when defendant moved the goods of the late firm, having gone into business with S. J. Seals under the name of Seals & Holloway, he told plaintiff that they had enough help in the store, and did not need his services any longer, and discharged him as such clerk, and said he would try to get him a clerkship in another house; that he informed defendant he was ready, and held himself ready, to continue to clerk for him; that defendant spoke to two merchants in Troy, to get them to give him employment, and told plaintiff that he must look out for a place to clerk elsewhere; that he went to the persons pointed out by defendant, but they refused to employ him; that he then informed defendant he was ready and willing to perform his contract, and should keep himself ready to perform it, and that he was going to school in Troy, so that defendant could let him know, whenever he should see proper to desire his services as clerk, and he would continue to clerk for him; that he made no further efforts to get employment, but went to school from that time until August 1st, 1880, and then obtained employment for one month at $15 per month; and that defendant never again called on him, or requested him to enter on his clerkship again." The defendant then proposed to prove by plaintiff, and afterwards proposed to testify himself as a witness, "that he offered plaintiff $25 per month, until the 1st September, 1880, if he would go out to his farm in the country, and work for him on his farm;" but the court excluded this

[Holloway v. Talbot.]

evidence, on the plaintiff's objection, and the defendant excepted.

The defendant produced a receipt for $10, signed by plaintiff, and dated August 31st, 1880, which purported to be "in full for services in store of Holloway & Murphree;" and testified that it was given "in full satisfaction of all demands held by plaintiff against defendant." The plaintiff admitted the signing of this receipt, but testified that, at the time of signing it, "he stated that he claimed the full amount, and would sue for it." As to this receipt, the court thus charged the jury: "If the plaintiff was under twenty-one years of age, said receipt would not conclude him, or prevent him from recovering for the whole time, if in fact he was otherwise entitled to pay for the whole time." To this charge the defendant excepted.

The court charged the jury, also, "that if defendant discharged plaintiff without fault on plaintiff's part, and seeks to defeat or lessen the plaintiff's recovery, on the ground that plaintiff could or should have obtained other employment, the burden of proof is on the defendant to show that plaintiff could have found other employment, and that it should have been of the same or similar nature to that for which defendant had employed plaintiff." To this charge, also, the defendant excepted.

The defendant asked the following charges, in writing: 1. "This action is brought on the common counts, for work and labor done, and on account stated; and the plaintiff is not, under the evidence, entitled to recover." "2. If the evidence shows that plaintiff could have obtained honorable employment, and could have received the same wages he was getting from defendant, and he received pay for the work actually done, then they must find for the defendant." "3. If the plaintiff, by proper diligence, could have procured similar employment, and made no efforts to get employment, and by his own negligence failed or refused to get such employment; then he can not recover, except for the services actually rendered; and if the jury believe that he has been paid for the services actually rendered, they must find a verdict for the defendant." The court refused each of these charges, and the defendant duly excepted to their refusal.

The several rulings to which, as above stated, exceptions were reserved by the defendant, are now assigned as error.

GRIFFIN & WOOD, for appellant.

JNO. D. GARDNER, contra.

BRICKELL, C. J.—The principal question arising upon the

[Holloway v. Talbot.]

assignment of errors is not new in this court, and is not open to further controversy. The contract made with the plaintiff was for his services as clerk in a dry-goods store, for a particular term, at stipulated wages. . Without fault on his part, and for no other reason than that it suited better new business arrangements, into which the employer entered, he was dismissed before the expiration of the term. He declined to accept the dismissal as a termination of the contract, and elected to treat it as continuing; giving the employer notice of the election, and keeping himself in readiness to perform the contract, if the opportunity had been allowed him. The right to recover the stipulated wages, under the common counts for work and labor, after the expiration of the term, and the wages have accrued due, we do not doubt. Although there may be a special contract, if, by the breach of it, the plaintiff becomes entitled to recover a sum *in numero*, or which can by mere calculation be rendered certain, a recovery may be had on the common counts. *Sprague v. Morgan*, 7 Ala. 952; *Snedicor v. Leachman*, 10 Ala. 330.

To have avoided a recovery, the defendant could have shown that the plaintiff, after the dismissal, engaged in other business, thereby negativing the fact that he kept himself in readiness to perform the contract of service; or, to reduce the recovery, the defendant could have shown that employment of the same general nature as that from which he dismissed the plaintiff was tendered to him, or could have been obtained if he had used reasonable diligence. That is matter of defense, and the burden of proving it rests on the defendant. The opportunity for such service is not presumed, and the plaintiff was not under the duty of proving that it did not exist. It is employment of the same general nature the plaintiff was bound to accept—not employment wholly different in its nature, which could not have been contemplated by either party when the contract was entered into.—*Strauss v. Meertief*, 64 Ala. 299.

The acceptance of a part of the demand was not an extinguishment of it, or a waiver of the right to insist upon full payment. If there was an agreement to accept the part in full satisfaction, it was without consideration, and not binding upon the plaintiff because of his infancy.

We find no error in the record, and the judgment is affirmed.