# Wilkinson *v.* Black.

*Action for Breach of Special Contract of Employment.*

1. *Actions consolidated by order of court.*—When several actions are pending at the same time, in the same court, and between the same parties, for alleged breaches of the same continuing or unrescinded contract, they may be consolidated (Code, § 3024) by order of the court.

2. *Election of remedies by discharged employee.*—When a servant, or other person employed, is discharged without legal cause, before the expiration of the stipulated term, he has an election of remedies: 1st, he may treat the contract as rescinded, and sue on a *quantum meruit* for work actually performed; 2d, he may sue for a breach of the contract, and recover damages for the breach up to the time of the trial; or, 3d, he may wait until the expiration of the stipulated term of service, and sue for the agreed wages for the entire term.

3. *When action brought for separate installments; when for entire term.* If the wages are payable in installments, monthly or otherwise, the plaintiff may bring a separate action for each installment as it falls due; but if the action is not brought until after the expiration of the entire term, or if the entire term expires before the trial, the measure of damages is, *prima facie*, the stipulated wages for the entire term.

4. *When defendant may reduce amount of plaintiff's recovery.*—The defendant may, without regard to the form of action, reduce the amount of the plaintiff's recovery, by showing that, after his discharge, he obtained other employment, or might have obtained it by the exercise of reasonable diligence; but, though the plaintiff, suing on the contract, and claiming the entire wages for the term, is required to aver his readiness and willingness to perform, his right of recovery can not be defeated by showing that he engaged in other business during the residue of the term. (Overruling *dictum* in *Holloway v. Talbot*, 70 Ala. 392.)

[Wilkinson v. Black.]

5. ' *Nature of employment plaintiff required to accept.*—The plaintiff is not required to accept an offer of other employment, unless it is of the same general nature as that from which he was discharged, and in the same neighborhood.

APPEAL from Butler Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This action was brought by Francis M. Black against W. W. Wilkinson for the recovery of damages alleged to have been sustained by the plaintiff, by reason of his wrongful discharge from the service of the defendant, and was commenced October 7th, 1884. The contract under which plaintiff claims is in the following words: ".This agreement entered into between F. M. Black and W. W. Wilkinson, witnesseth, that F. M. Black, of the first part, agrees to attend to all the business, such as collections, &c., that may be placed in his hands for collection by W. W. Wilkinson, or agent, and to do all he can to promote the interest of Wilkinson; the said Wilkinson on the second part to pay said F. M. Black eight hundred dollars for his services one year, commencing October 1, 1883, and ending September 30, 1884, to be paid monthly, $75.66⅔ per month for winter months, commencing September, and $58.33⅓ for summer months: the said Wilkinson is to furnish money to pay all necessary expenses for collection travelling on such business.

W. W. WILKINSON, (L. S.)

H. Z. WILKINSON.            F M. BLACK, (L. S.)"

The plaintiff alleged that he entered upon the discharge of his duties under the contract, but that the defendant discharged him on the 13th of November, 1883, without cause, and without fault on plaintiff's part, owing plaintiff for the months of April, May, June, July, August and September, 1884. A number of separate suits were brought by the plaintiff against the defendant for the recovery of what was claimed to be due for each of said months; but by order of court, these various suits were consolidated; to which action of the court the defendant excepted, assigning as grounds of objection, that three of the cases were appeals from a magistrate's court, and one of them was commenced originally in the Circuit Court; that one of these suits was for damages for a breach of the contract therein set out, and the others claimed a specific performance under the contract; that the suits were inconsistent and could not be joined.

In view of the decision of this court upon the rulings of the court below on questions of evidence, it would seem unnecessary to set out the testimony offered in the Circuit Court. The charges given announced the principles involved in the con-

tention which are embodied in the opinion of this court and receive its approval.

There was a verdict for the plaintiff, and the defendant takes this appeal, assigning as error the adverse rulings of the court below.

GAMBLE & RICHARDSON, for appellant.

BUELL & LANE, *contra.* (No briefs came into the hands of the Reporter.)

SOMERVILLE, J.—The several suits were properly consolidated, under the provisions of section 3024 of the present Code. They were all pending at the same time, between the same parties, in the same court, and were of such a nature as that they could have been joined. Each was an action *ex contractu,* having been brought on an agreement for the payment of money.—Code, 1876, § 2986. No one of these actions, moreover, recognizes the contract of service between the plaintiff and defendant as rescinded, or abandoned on the part of the plaintiff, but rather as a subsisting contract of which the defendant has been guilty of a breach.

When a servant or employee has been discharged from service without a sufficient legal excuse, before the expiration of his term, the rule as to his choice of remedies is not free from confusion under the authorities. The following principles, however, we deem to be settled : (1.) He may elect to treat the contract as rescinded and entirely abandoned, and sue on a *quantum meruit* for work actually performed ; or (2.) He may at once sue for a breach of the contract by the defendant and recover damages for such breach up to the date of trial ; or (3.) He may wait until the expiration of the term of service, and sue for the stipulated wages agreed to be paid for the whole term.—*Strauss v. Meertief,* 64 Ala. 299, and cases cited ; *Holloway v. Talbot,* 70 Ala. 389 ; *Decamp v. Hewitt,* 43 Amer. Dec. 204, and *note ;* 2 Add. Contr. § 897 ; Wood on Master and Servant, pp. 237, 250, § 125.

If the plaintiff's wages are payable in monthly installments, the rule settled in this State is that he may, if he so elects, bring a separate suit for each installment as it falls due.—*Davis v. Preston,* 6 Ala. 83 ; *Strauss v. Meertief, supra ; Fowler v. Armour,* 24 Ala. 194.

Where the suit is brought after the expiration of the term of service, or such term has expired at the day of trial, the measure of damages, *prima facie,* would be the wages agreed to be paid according to the terms of the contract.—Wood on Master and Servant, 238 ; *Fowler v. Armour,* 24 Ala. 194 ;

*Everson v. Powers* (89 N. Y. 527); s. c. 42 Amer. Rep. 319. This is the rule, however, only where the facts of the case in evidence fail to rebut the presumption that the plaintiff has sustained an actual loss equal to this sum.

But it is permissible for the defendant to show, in order to reduce this *prima facie* amount of recovery, that the plaintiff obtained, or could have obtained other employment by the exercise of reasonable diligence on his part; and the burden of proving these facts rests on the defendant.—*Strauss v. Meertief, supra; Massey v. Taylor,* 5 Cold. (Tenn.) 447; 2 Greenl. Ev. § 261 *a.* We take this to be the proper rule whatever may be the nature of the action. It is true that where the plaintiff elects to sue upon the contract, averring his readiness at all times to perform, there seems to be a logical repugnancy in the idea that he must seek other employment, in as much as to be always strictly ready he must be always idle. This difficulty originates in the doctrine of constructive service, which is a mere fiction of the law according to which a tender and readiness to perform is regarded as tantamount to actual performance, and entitling the plaintiff in all proper cases to a recovery of the contract price as the absolute measure of his damages. The doctrine, can not, however, be followed to its logical consequences, and has been abrogated in most of the States, and modified in others. The averment of a readiness to perform, therefore, by the plaintiff is not to be taken as absolutely true in all cases, but true only *sub modo* and for the purpose of sustaining the action.—*Decamp v. Herrit,* 43 Amer. Dec. 203, *note;* Wood on Master and Servant, p. 239. It has been observed of the rule that it is *quasi* performance, but it does not regulate the amount of damages.—1 Sedgw. on Dam. (7th Ed.) 450–51. It can not, therefore, be permitted to override a rule of public policy, favoring industry and striking at idleness, by which it is made incumbent on the injured party to do what he reasonably can to lessen the injury suffered by him. As said in *Strauss v. Meertief,* 64 Ala. 308, *supra,* "neither good morals, nor the law, will countenance him in persisting voluntarily in idleness, that the amount of his recovery from the defendant may not be diminished." To permit this would be to superadd a fraud to a moral vice, which it would be more honorable in the law to punish than to countenance.—*Shannon v. Comstock,* 21 Wend. 457; *Howard v. Daly,* 61 N. Y. 362. The mere act of engaging in other business can not operate to entirely defeat the plaintiff's right of recovery by negativing the fact that he kept himself in readiness to perform his contract of service. True, there is a *dictum* to this effect in *Holloway v. Talbot,* 70 Ala. 392, but it is manifest that the two principles are inconsistent. It would

[Espy v. Comer et al.]

be absurd for the law, in one breath, to require the plaintiff to seek other employment, and, in the next, to declare his right of action defeated for obeying its mandates.—*Howard v. Daly*, 61 N. Y. 362.

The plaintiff is not required to accept any kind of employ-ment, but only such as is of the same kind or general nature with that from which he was dismissed—of equal grade, and not of a more menial or onerous. kind.—*Strauss v. Meertief*, 64 Ala. 299; *Wolf v. Studebaker*, 65 Pa. St. 459. Nor is he compelled, under this rule, to go into a different neighborhood or community.—*Howard v. Daly, supra; Gillis v. Space*, 63 Barb. 177. The fact, and peculiar locality and circum-stances under which employment is sought, may, no doubt, tend in some cases to prove an assent on the part of the plain-tiff to the rescission or abandonment of the contract, but the question of intention in these cases is clearly for the determi-nation of the jury, in most cases.

The rulings of the court are susceptible of an interpreta-tion in harmony with the foregoing principles, and are ·free from error.

The exceptions to the rulings on the evidence are, in our opinion, not well taken. We have also examined the charges of the court, not particularly considered, and are satisfied that they are also free from error.

The judgment· is affirmed.