# Marx *v.* Miller.

| 134 | 347 |
| 143 | 417 |
| 143 | 554 |
| 143 | 589 |

*Action to recover Damages for Breach of Contract of Employment.*

1. *Breach of contract of employment; how treated by employe.* When a person contracts to perform personal service for another for a specified term at stipulated wages, and is discharged without fault on his part before the expiration of the term, he may treat the contract as broken and at an end, and immediately sue and recover all the damages he may have sustained up to the time of the trial, or he may elect to treat the contract as continuing and keep himself in readiness to perform the contract on his part, and at the expiration of the term recover upon it for wages on account of constructive services rendered thereunder.

2. *Same; action therefor; sufficiency of complaint.*—Where a person who has contracted to perform services for another for a specified time at stipulated wages, is discharged without fault on her part before the expiration of the term, and treats

[Marx v. Miller.]

such contract as having been broken and brings an action
to recover damages for the breach of such contract, the aver-
ment in the complaint of tne making of the contract, its
terms and its breach by the defendant is all that is neces-
sary to state a cause of action; and it is not necessary that
the plaintiff should furmer aver her readiness and willing-
ness to perform the services throughout the term of the con-
tract, or that she used reasonable diligence to obtain the
same or similar employment after her discharge by the de-
fendant.

3. *Pleading and practice; when overruling motions to strike cer-
tain portions of the complaint not revisable.*—Where a com-
plaint contains averments which are immaterial and mere
surplusage, the denying by the court of a motion by the
defendant to strike such portions of the complaint is not
revisable.

4. *Contract of employment; construction thereof.*—Where a per-
son is employed for a year at a stipulated annual salary,
which is to be paid weekly or monthly at her election, and
the contract of employment provides that "in consideration
of the above employment" the said person "party of the sec-
ond part is to take charge of the dressmaking department of
the party of the first part, as manager and dressmaker in
his business at Birmingham, Alabama," and is to have en-
tire management and control of the department, such person
is not employed as a dressmaker, but as superintendent or
manager of the dressmaking department of her employer, and
such contract imposes no obligation upon her to do the work
of a seamstress; and, therefore, upon such person refusing
to do the work of a seamstress at the request of her employ-
er, such employer has not a right to aischarge her, and the
discharge of such person for such refusal    constitutes    a
breach of the contract of employment, which renders the
employer liable in damages.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This action was brought by the appellee, Martha E.
Miller, against the appellant, Ferd Marx. The complaint
contained but one count which was in words and figures
as follows: "The plaintiff, Martha E. Miller, claims of
the defendant, Ferd Marx, $450, with interest thereon
as damages for the breach of an agreement entered into
by the defendant on the 18th day of June, 1900, in sub-

[Marx v. Miller.]

stance as follows: Defendant employed plaintiff at a salary of $1,800 per year, to be paid weekly or monthly, at plaintiff's election, to take charge of the dressmaking department of the said defendant in his said business in Birmingham, Ala., during the period beginning September 1, 1900, and ending September 1, 1901, and plaintiff avers that she entered in the performance of her said contract on to-wit, the first day of September, 1900, and continued to perform her services as said manager faithfully and efficiently, though often interfered with by defendant or his employes, until to-wit, the 3d day of June, 1901, when though plaintiff was ready, able and willing and offered to perform and continue her said service, she was prevented by the wrongful acts of defendant from performing her contract with defendant, and without fault on her part was discharged by defendant from her further service for the defendant and her work room closed, and most of the employes therein discharged, and she was directed that her services were not further needed, and that her contract with defendant was ended, though there was yet three months of the time for which said contract was to continue, to-wit, June, July and August, 1901, that she has been prevented from executing by the said wrongful acts of defendant in discharging her. And plaintiff avers that at this season of the year it is difficult if not impossible, to obtain any like services for the unexpired term of her contract, to-wit, June, July and August of 1901, and she will thereby, on account of said wrongful discharge and breach of said contract by said defendant, Marx, be damaged to the amount of four hundred and fifty and no-100 dollars, and interest thereon, hence this suit." The defendant demurred to this complaint upon the following grounds: "1st. Because it is shown in and by the terms of the contract sued upon that the wages claimed are not due. 2d. Because it is shown by the averments of the complaint that the suit is prematurely brought. 3d. Because it is not averred in said complaint that plaintiff has been unable to obtain like employment for the unexpired term of her contract. 4th. Because it is not shown by said complaint that plaintiff has held herself in readiness to perform her contract. 5th. Because

the plaintiff has failed to aver in her complaint a readiness and willingness on her part to perform her contract throughout the time she undertook to serve." These demurrers were overruled.

The defendant moved the court to strike from the complaint the last paragraph therein commencing "And plaintiff avers that at this season of the year," etc. The court overruled this motion, and the defendant duly excepted.

The defendant pleaded the general issue and by special plea set up that the plaintiff had refused to obey the reasonable orders of the plaintiff, her employer, in that she refused to work on garments in the dress making department, and that her disobedience in this respect justified the rescission of the contract of the defendant and authorized plaintiff's discharge.

The plaintiff demurred to the special plea upon the ground that it is not averred that the work requested by the plaintiff was work that she was employed to do, and that said pleas set up no defense to the action. This demurrer was sustained. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion; it being unnecessary to set out in detail the rulings of the trial court upon the evidence, or the facts relating thereto.

There were verdict and judgment for the plaintiff, assessing her damages at $166.50. The defendant moved the court to grant him a new trial, on the ground that the court erred in its rulings upon the pleadings and upon the evidence, and that the verdict of the jury was contrary to the law and the evidence. This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MORRIS LOVEMAN, for appellant.—The demurrer to the complaint should have been sustained.—*Knox v. Morris Min. Co.*, 96 Ala. 320; *Wilkerson v. Black*, 80 Ala. 332.

[Marx v. Miller.]

The plaintiff was not entitled to recover under the facts of the case.—*W. U. T. Co., v. Way,* 83 Ala. 542; *Bir. Electric Co. v. Clay,* 108 Ala. 233.

RUDULPH & HUDDLESTON, *contra.*

TYSON, J.—It is thoroughly settled in this State that when a person contracts to perform personal services for another for a specified term, at stipulated wages and is discharged, without fault on her part, before the expiration of the term, she may treat the contract as broken and at an end, and immediately sue and recover all the damages she may have sustained up to the time of the trial. But she is not compelled to accept the breach of her employer as a termination of the contract; she may elect to treat it as continuing and keep herself in readiness to perform the contract on her part. *Davis v. Ayres,* 9 Ala. 292; *Martin v. Everett,* 11 Ala. 375; *Ramey v. Holcombe,* 21 Ala. 567; *Fowler v. Armour,* 24 Ala. 194; *Strauss v. Meertief,* 64 Ala. 299; *Holloway v. Talbot,* 70 Ala. 389; *Wilkinson v. Black,* 80 Ala. 329; *Morris Mining Co. v. Knox,* 96 Ala. 320.

It will be noted that in the case under consideration the plaintiff counts alone on the breach of the contract, treating it as broken by defendant and at an end. The complaint contains only one count and there is no recognition of the continuing existence of the contract, no attempt to recover upon it as such, or for wages on account of constructive services rendered it; but as we have said, it is to recover damages arising out of a breach of it by defendant. Where this is the case the averment of the making of the contract, its terms and its breach by the defendant and the plaintiff's willingness and ability to perform at the time of the breach is all that is necessary. While it is doubtless true where the plaintiff sues upon the contract, for full compensation for a stipulated term, which suit cannot, of course, be maintained until after the expiration of such term, the complaint must aver a readiness and willingness on the part of the plaintiff to perform the services throughout the term he bound himself to serve, this averment is not necessary where the action is, as here, for a breach

of the contract by defendant, treating it as terminated. *Pierce v. Tenn. Coal, Iron & R. Co.*, 173 U. S.1; *DePyster v. Pulver*, 3 Barb. 284; 2 Chitty. on Cont. (11 Am. ed.) p. 1080 amd note. Nor is it necessary that the complaint should allege that the plaintiff used reasonable diligence to obtain the same or similar employment after her discharge by defendant. As to whether she could have obtained the same or similar employment, is a matter of defense.—*Strauss v. Meertieff, supra; Wilkinson v. Black, supra*; 13 Ency. Pl. & Pr. 916 and notes; 1 Am. & Eng. Ency. Law (2d ed.), 1106-7. The demurrer to the complaint as originally framed was properly overruled.

Nor was there any error of which the defendant can complain, in the overruling of his motion to strike a certain paragraph from the complaint. It was immaterial and should have been treated as mere surplusage. Being surplusage the denying of the motion is not revisable.—*Davis v. L. & N. R. R. Co.*, 108 Ala. 662. If it was conceived by defendant to be material, but defective in averment, the defect could not be reached by motion.—14 Ency. Pl. & Pr. 91. He should have taken advantage of the supposed defect by an objection to evidence offered in support of allegations contained in it or by charge.—*Daughtery v. Am. Union Tel. Co.*, 75 Ala. 168.

It will doubtless be said that objection was made, and an exception reserved, to the statement of plaintiff introduced to prove the allegation in the paragraph that at "this season of the year it is difficult, if not impossible to obtain any like services for the unexpired term of her contract." This exception, however, will be disposed of later.

The contract between the parties was in writing. By its terms the defendant bound himself to pay the plaintiff eighteen hundred dollars for the year beginning September 1, 1900, and ending September 1, 1901, to be paid weekly or monthly at the plaintiff's election; and the plaintiff obligated herself "to take charge of the dress-making department" of defendant, "as manager and dress-maker," with power to employ and discharge the

[Marx v. Miller.]

employes in said department and to have entire management and control of the department, but to confer and advise with defendant from time to time with reference to the best interest of said department of said business. It is entirely plain from the foregoing statement of the contract which is a substantial copy of it, that the plaintiff was not employed as a dress-maker, but as superintendent or manager of the defendant's dressmaking department which the evidence shows was operated by him in connection with his other mercantile business. The word "dress-maker," when taken in connection with the entire context of the contract, cannot be construed as meaning that she was employed as a seamstress. Indeed, should we confine our reading of the contract to the sentence in which it is found, to-wit, "In consideration of the above employment, the said Martha E. Miller, party of the second part, is to take charge of the dress-making department of the party of the first part, as manager and dress-maker, in his business at Birmingham, Alabama," it is entirely clear that the words "as manager and dress-maker" are merely descriptive of the position or office which the plaintiff was to fill, and imposed no obligation upon her to do the work of a seamstress. The testimony shows without dispute that defendant discharged the plaintiff because of her refusal to do the work of a seamstress. This, as we have said, she was under no duty to do under the contract. She, therefore, had the right to refuse to do it and her discharge for this refusal was a breach of the contract by the defendant which rendered him liable in damages to her. On the undisputed facts she would have been entitled to have had the court charge the jury affirmatively to find a verdict in her favor. This being true, the exception reserved by defendant to the introduction and exclusion of testimony, which did not in the remotest degree tend to produce a conflict in the evidence under which plaintiff was entitled to recover, are of no avail. *The Bienville Water Supply Co. v. City of Mobile,* 125 Ala. 178; *Glass v. Meyer,* 124 Ala. 332.

It is scarcely necessary to say in conclusion, there was no error in refusing the motion for a new trial.

Affirmed.