## CORNELIUS v. STATE. (8 Div. 49.)

(Court of Appeals of Alabama. April 3, 1923.)

1. **Witnesses ⊚═270(2)—Cross-examination of alibi witness as to his violation of law at time not connected with the issue involved was error.**

In a prosecution for violation of the prohibition law, defendant's witness having testified solely on the defense of alibi, cross-examination as to whether defendant and witness and those with them had had liquor, and whether witness had seen liquor made, was irrelevant and beyond the limits of proper cross-examination.

2. **Intoxicating liquors ⊚═236(4) — Evidence held sufficient to connect defendant with possession of still and making of liquor.**

In prosecution for having possession of a still and manufacturing liquor, evidence *held* sufficient to connect defendant with the crime.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Elisha Cornelius was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

John A. Lusk & Son, of Guntersville, for appellant.

In a prosecution for distilling, it is not permissible to show that defendant's witness and others went on a rabbit hunt and had some whisky along. 17 Ala. App. 383, 84 South. 879.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The indictment was in two counts, charging in the first a manufacturing of whisky and in the second that defendant possessed a still, etc. There was a general verdict finding defendant guilty.

The sheriff and his deputies about the middle of the morning on December 24th found a still set up and in operation near the house of defendant; but not on his premises. There was a path leading from defendant's house to a point about 25 yards from the still and a path leading from this path to the still. No person was found at or near the still, and, although the sheriff remained on watch for an hour, no one came. The still in the meantime continuing to operate and to make liquor from the charge and fire already made. A coat, testified to by some of the witnesses, as belonging to defendant, was found on a bush near the still. The defendant offered an alibi and by certain witnesses

proved, if their testimony was to be believed, a complete alibi from between 7 and 8 a. m. during the remainder of the day.

There are numerous objections and exceptions to the introduction of evidence which we think unnecessary to discuss except as hereinafter appears.

[1] The defense of defendant was that of an alibi. In making this defense he offered as a witness in his behalf John Martin, who testified to having seen the defendant several miles from the still about 7 or 8 o'clock in the morning of December 24th. On cross-examination by the solicitor this witness was forced by the court, over proper objection and exception, to testify that they, meaning defendant and witness and those with them, had a little liquor; that witness had seen liquor made; that corn was used in making liquor. This testimony was entirely immaterial and irrelevant to any issue involved in this case, and its only purpose was to discredit the testimony of the witness. By a long line of decisions in this state great latitude is allowed on cross-examination. Burger v. State, 83 Ala. 36, 3 South. 319. And this latitude has of necessity been so extended as to place the cross-examination of witnesses largely under the control and within the enlightened discretion of the trial courts, to such extent that appellate courts are reluctant to review and reverse this action in limiting or enlarging its area. Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8. But even cross-examinations have their limits. In this case the witness was required to answer a question as to which, if he had known, he might have declined to answer. The answer was not relevant to any issue in the case, and, being immaterial, his testimony could not be impeached in this way, and the only effect of the answer was to discredit the witness before the jury, by requiring him to admit he was, along with the defendant, a violator of the prohibition law at a time not at all connected with the crime for which the defendant was then being tried. A similar question to the above was passed on in Lakey v. State, 206 Ala. 180, 89 South. 605, and a limit placed to the latitude to be allowed in cross-examination. A similar question was also passed on in Nelson v. State, 129 Miss. 288, 92 South. 66. See, also, Vaughn v. State, 17 Ala. App. 383, 84 South. 879.

[2] There was evidence tending to connect the defendant with the commission of the crime which, if believed, was sufficient to justify a verdict of guilt.

For the error pointed out, the judgment is reversed, and the case is remanded.

Reversed and remanded.

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes