## POWELL *vs.* THE STATE.

1. When the judgment entry recites that the jury after deliberating a reasonable time were unable to agree upon a verdict, that the court had disposed of the business before it, and that it was absolutely necessary that the term of the court should then be closed, the jury may properly be discharged and a mistrial entered.
2. On the trial of an indictment for murder, the defendant cannot prove threats made by the deceased against him, without also proving that such threats came to his knowledge before the killing.
3. A witness cannot be impeached by proof of contradictory statements previously made by him, whether oral or written, without first giving him an opportunity to explain such previous statements.

Powell v. The State.

ERROR to the Circuit Court of Shelby. Tried before the Hon. Geo. D. Shortridge.

WATTS, JUDGE & JACKSON, and WOODWARD, for plaintiff:

1. The prisoner ought not to have been tried the second time. The discharge of the jury for no better reason than that they could not agree, is not authorized by law, and the prisoner cannot be legally tried again.—See Ned v. State, 7 Por. 187. In principle this case cannot be distinguished from the case cited from 7 Por. 187. Here the jury was really discharged because they could not, or rather, had not agreed, by 9 o'clock Saturday morning. The term of the court had not expired; it continued until 12 o'clock Saturday night.—See State v. Nabors, 6 Ala. 200. It is untrue, as stated on the record, that the business of the court was finished. This case was at that time pending in the court undetermined, the jury were then out trying it, and it was the business of the court to try and determine this case. Until this case was legally disposed of it is clear that the business of the court was not finished. The general expression in the record that it appeared to the court that "it is now absolutely necessary that the term of the court be closed," cannot amount to any thing. There is no reason stated in the record why it was absolutely necessary. The reason should have appeared upon the record.—See May & Croom v. State, decided at present term.

The case of Battle v. The State is unlike this. The judgment entry of the mistrial in that case is, "and it appearing to the court here now that it is absolutely necessary that the jury be discharged, for that the term of this court is now closed." In the case now before the court the term of the court had not closed, and it could not, without disposing of all its business, legally close, and the term did not legally end until 12 o'clock Saturday night. In this case it is only shown that it is necessary that the term of this court be closed, not that it had closed by expiration of its term. It could not legally close otherwise until all the business of the court had been disposed of, or unless the judge was sick, or some other cause provided for by statute.

The loose expressions of Judge Collier in Battle v. State, supra, were not necessary in that particular case, and must properly be considered as mere dicta, and especially ought these loose

Powell v. The State.

expressions to be so regarded when we see clearly that they are inconsistent with Nabors v. State, (6 Ala.) and particularly opposed to the reasoning of Judge Goldthwaite, in the case of Ned v. State, (7 Por.) one of the most elaborately considered opinions and cases ever reasoned or argued in our court. Upon the principles settled in that case, we rely confidently in saying that the court erred in this case.

2. The testimony offered as to the declarations of the deceased was competent, as rebutting the evidence of the State. It was competent for the purpose of showing that the defendants had good reason to go armed to defend themselves on their own soil, where they had a right to be. It ought to have been left to the jury, from all the circumstances to infer whether the defendants had been informed of the threat. The court undertook to determine that the jury could not, from circumstances, infer that the defendants had been informed of it.

3. The affidavit of Grady before the magistrate ought not to have been excluded; it was proper to impeach the witness in this way.—See Heirs of Holman v. Bank. of Norfolk, 12 Ala; see also Carville v. Stout et al., 10 ib. 802 ; 1 Greenl. on Ev. § 462, which shows that the rule which requires a predicate to be laid before the witness can be contradicted, applies to oral declarations or statements. The oath could not be explained.

ATTORNEY GENERAL, for the State:

1. The threats of the deceased against the accused could have had no influence upon the latter unless they came to his knowledge before the killing, and they were therefore properly rejected by the court.—Hudgins v. State, 2 Kelly 181 ; Turney v. State, 8 S. & M. 123 ; State v. Goodrich, 19 Verm. 116, and 6 Georgia Dec. 88.

2. To show that the court properly refused to admit the preliminary examination of witness Grady, no sufficient predicate having been laid, see Howell v. Reynolds, 12 Ala. 131.

COLEMAN, J.—This was an indictment for murder against William Powell, William Blair and Hancock Holcombe, in the Circuit Court of Shelby county. On the trial in the court below, William Powell was convicted of manslaughter in the first degree and the other defendants acquitted.

Powell v. The State.

At a term of the court previous to the conviction of the prisoner, a mistrial was had in the case, in which the judgment of the court recites "that the jury retired to consider of their verdict, and having well and truly considered of the same, return into open court and say they cannot agree upon a verdict, and it appearing to the court now here, that the business of this court is finished and that the said jury have been charged with this case from Thursday evening at 5 o'clock until 9 o'clock this Saturday morning, and they say it is impossible for them to agree on a verdict, and it appearing that it is now absolutely necessary that this term be closed, it is therefore ordered by the court that the said jury be discharged, a mistrial entered, and that the cause stand for trial at the next term of this court."

On the subsequent trial of the prisoner, at which he was convicted, no objection was urged in his behalf on account of the mistrial, but it is now insisted that the discharge of the jury was illegal and is equivalent to an acquittal.

The general rule, as laid down by the highest authorities on the criminal law, is that a jury once sworn and charged in a case affecting life or member, cannot be discharged without giving a verdict. Amongst the exceptions to this rule is this, that a court may discharge a jury in any case of pressing necessity, and should do so whenever such a case is made to appear.

If the term of the court were closed by adjournment on account of the sickness of the judge, or any other sufficient cause, it would certainly justify the discharge of the jury. In the judgment entry above referred to, the court declares that it is now absolutely necessary that this term of the court be closed. The judgment does not specify what the particular cause of the adjournment was, but states that it was one of absolute necessity, and being a court of general jurisdiction, every intendment must be made to sustain the correctness of the judgment. In the case of the State ex. rel. Battle, it was held that after a Circuit Court has disposed of the business before it, it need not continue its session until the expiration of the term limited by law, although a jury may be deliberating upon their verdict in a criminal prosecution for a criminal offence; in such a case the court is only bound to afford a reasonable time for the jury to agree upon a verdict, and if the record does not show the reverse, it will be intended that the session continued thus long.

It is not necessary to go the extent of the doctrine here laid down, to show that the jury was properly discharged in this case: The record shows, not only that the court had disposed of the business before it, and awaited a reasonable time for the jury to agree upon a verdict, but the judgment entry shows that it was considered by the judge that the term of said court should be then closed from some absolute necessity:

We think the court properly excluded the threat of Porter and his declaration concerning the field, as stated in the bill of exceptions. It appears that the admission of the threats, &c., as proof was objected to unless the defendants would prove that information thereof was communicated to them before the killing, which the prisoners failed to prove. The threats, if made known to the prisoner, would have been competent testimony, as tending to show, that in the assault on the deceased, he may have acted under a just fear of danger to his own life, but we cannot see in this case how they could be considered as proof pertinent to the issue. The eminent counsel for the prisoner have failed to produce any authority for the admission of such proof. They insist that it ought to have been permitted to the jury to infer from the circumstances that the prisoner had knowledge of the threat. No circumstances from which such an inference might be drawn, are disclosed by the bill of exceptions, and if such existed, it was obligatory on the defence to show them affirmatively:

We will not undertake to say that no case could occur, in which such threats, although unknown to the prisoner, might be admissible, but we think there is nothing in this case to authorize their admission.

In order to impeach the evidence of Grady, a material witness for the State, the prisoner offered the written testimony of the witness given before the committing magistrate, as materially different from what he swore on the trial. This was excluded by the court, because, as stated in the exceptions, no predicate had been laid, that is, the witness had not first been examined as to the time, place, and circumstances of the previous statement.

The rule acted on by the court in this case is the rule established by the judges in the Queen's case, and which has been fully recognized by this court.—Howell v. Reynolds, 12 Ala: 128. A witness cannot be impeached by proof of contradictory

statements made by him, whether oral or in writing, without first giving him an opportunity to explain the nature, circumstances and meaning of what he stated or wrote at a previous time. The reason of the rule is, that he may have it in his power to explain the apparent contradiction, and the rule is the same, whether the previous declaration of the witness be written or verbal.—1 Greenl. § 463; 3 Starkie's Ev. 1714.

The judgment is affirmed.