# Rogers, *pro ami*, v. DeBardeleben Coal & Iron Co.

*Action by Employe to Recover Damages for Personal Injuries.*

1. *Infancy; burden of proof on alleged minor.*—In an action by one alleging that he is a minor, to recover damages for personal injuries sustained by reason of the negligence of the defendant, where issue is joined upon the plea of payment and satisfaction for the injury before suit brought, and after the plaintiff had arrived at the age of twenty-one years, the burden of proving infancy at the time of such settlement is on the plaintiff, since his age is a fact peculiarly within his knowledge.

2. *Hearsay—reputation as to age.*—To let in the declarations of members of the family as to pedigree and age, it must be shown that they are dead, and testimony of a brother that the reputation in the family was that plaintiff was under twenty-one years of age, is inadmissible.

APPEAL from City Court of Birmingham.

Tried before Hon. H. A. SHARPE.

This was an action by Eddie Rogers, by his next friend, against the DeBardeleben Coal & Iron Company to recover damages for personal injuries, sustained by him while in the service of the defendant. Among other defenses, the defendant plead that after the plaintiff became twenty-one years of age, he received from the defendant, two hundred dollars in full satisfaction of the injuries set forth in the complaint.

An exception was taken to the giving of the following charge at the request of the defendant: "The court charges you that the legal presumption is that Eddie Rogers was over the age of twenty-one years when he entered into the contract of settlement with the defendant, if you believe that he did enter into such contract, and the burden of proof upon the question as to whether he was under the age of twenty-one years, at that time, rests upon plaintiff."

[Rogers, pro ami, v. DeBardeleben Coal & Iron Co.]

BOWMAN & HARSH, for appellant, insisted that reputation in the family is admissible evidence of age, citing *State v. Best*, 12 S. E. Rep. 907; *Bain v. State*, 61 Ala. 75; *Cherry v. State*, 68 Ala. 29; *Webb v. Richardson*, 42 Vt. 465; *Van Sickle v. Gibson*, 40 Mich. 170; *Kennedy v. Doyle*, 10 Allen (Mass.) 161 and other authorities.

WEATHERLY & PERCY, for appellee, that general reputation in the family is not admissible, 15 Ir. Ch. 347; 10 L. T. N. S. 913; 1 Dallas 9; that the burden of proof was on the plaintiff, 2 Gr. Ev. p. 355; Tyler on Inf. 215; *White v. Strother*, 11 Ala. 720.

HARALSON, J.—1. When one claiming to be a minor, is injured by the alleged negligence of a railroad company, and, afterwards, brings his suit against the company, to recover damages for the injury, and the defendant pleads, that before the bringing of the suit, the plaintiff, who was then over the age of twenty-one years, agreed with defendant to accept, and did accept from it, a specified sum in full and complete satisfaction and discharge of all claims held by the plaintiff against the defendant, growing out of the injuries in the complaint alleged, upon which plea, the plaintiff takes issue,—we hold, on the trial of such an issue, that the burden of the proof of the age of plaintiff, at the time of the alleged compromise and settlement by him, is on the plaintiff, because, where the subject-matter of (even) a negative averment, lies *peculiarly within the knowledge* of the other party, the averment si taken as true, unless disproved by that party ; (1 Gr. Ev. § 79; *Farrall v. State*, 32 Ala. 559.) and,—to express the same principle in different langunge, as applicable to the plea of infancy,—because of the ease with which the party claiming to be an infant, may show his own age, by his own testimony, and that of his family and friends who know his age, and the difficulty, if not impossibility, of defendant's proving it.

*Tyler on Infancy & Coverture* § 145, supports this view in this language: "If a person pleads his infancy to avoid a contract executed by him, the proof of infancy lies on him, and the rule will not be departed from, even where the plaintiff replied a new promise, after twenty-one, for the reason, that the fact of infancy is supposed to rest more immediately within the infant's knowledge, while it may be absolutely impossible, for the adverse party, to prove the contrary, though the contrary were true," (citing in support thereof, *Bigelow v. Grannis*, 4 Hill. 206; *Bay v. Gunn*, 1 Denio. 108;

*Hostley v. Wharton*, 39 Eng. C. L. R. 276); 2 Gr. on Ev. § 362; 1 Phil. on Ev. 497. See also *Bain v. State*, 61 Ala. 75.

The charge of the court, complained of, was in accordance with the foregoing principles, and is free from error.

II.   The plaintiff introduced two witnesses who testified against the objection of the defendant, the one, that he was the brother, and the other, that he was the husband of the sister of the plaintiff, and, each, that he knew the reputation in plaintiff's family as to his age, and that reputation was, that he was under twenty-one years; and the defendant moved to exclude from the jury the testimony of these witnesses, on the ground, that it was illegal and hearsay, and the court granted the motion, and excluded the evidence. We hold, there was no error in this ruling, because, as we long ago held, approved by a later rendering: "Hearsay evidence is never admissible, in such cases (pedigree and age) except to prove the declaration of *deceased* persons. The reputation of relationship, if it existed, in the family, must have arisen from the knowledge of the fact, in some of the members, and their subsequent declaration to others, or from the acts and conduct of the person, (whose pedigree or age is the subject of inquiry), or of the members of the family toward him, and in either case, the individuals making the declaration, or witnessing the acts and conduct, would furnish better evidence."—*White v. Strother*, 11 Ala. 724; *Cherry v. State*, 68 Ala. 30. In this latter case, was said, "The better opinion seems to be, that the declaration of third persons can not be admitted to prove pedigree, (held to embrace particular facts of birth, marriage and death, and the *times* when these events may have happened), unless it is shown that they are *deceased.*"—1 Gr. on Ev. § 104; 2 Gr. on Ev. § 103; 1 Phil. on Ev. p. 211; 2 Best on Ev. § 498; 1 Pick. 245.

There is no error in the record, and the judgment is affirmed.