# Morris Mining Company *v.* Knox.

*Action for Breach of Special Contract of Employment, and on Common Counts.*

1. *Error without injury in rulings or pleadings.*—The ruling of the court in sustaining a demurrer to a special plea setting up a defense which was available, and in fact availed of, under the general issue, which was also pleaded, is not a ground of reversal, on an appeal by the defendant from a judgment against him in action at law; as such ruling, whether correct or not, involved no injury to the defendant.

2. *Hearsay evidence*—Plaintiff who was employed as manager of defendant's store, was discharged before the expiration of the term of employment, and sued to recover damages for the breach of the contract of employment. Defendant sought to justify the dismissal of plaintiff by showing that his conduct of the business had been such as to drive away customers. *Held,* that evidence of the declarations of persons who had ceased to trade at defendant's store that their action in that matter was the result of plaintiff's misconduct was mere hearsay, and was inadmissible.

3. *Suit by discharged employe to recover stipulated compensation for entire term of employment; averment and proof of readiness and willingness to perform*—While a wrongfully discharged employe, suing on the contract for the full compensation for the term therein stipulated, must aver readiness and willingness to perform throughout the time he undertook to serve, he is yet under no obligation to prove this averment, but may recover even though it be shown that he had entered into another contract for services, the performance of which would render impossible the fulfillment of his first engagement; the fact of such other employment going only to the question of damages.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. J. B. HEAD.

The appellee, W. A. Knox, sued the appellant, the Morris Mining Company, a corporation, to recover damages for the alleged breach of a written contract by which the defendant employed the plaintiff for one year from March 5, 1889, as store-manager and buyer for defendant's two stores at Redding and Alice, in Jefferson county, Alabama, at an annual salary of $1,500.00. The complaint also contained the common counts.

The defendant pleaded the general issue, and also several special pleas; among them, the following: "(3.) That plaintiff was indebted to the defendant at the time of the commencement of this cause, and is now indebted to defendant in the sum of one thousand dollars as damages, for that,

[Morris Mining Company v. Knox.]

while the plaintiff was in the employ of defendant under the contract set out in the plaintiff's declaration, the plaintiff was in the habit of getting drunk and neglecting defendant's business, intrusted to the plaintiff under said contract; by reason of which neglect, defendant was damaged in its said business in the sum of one thousand dollars, and defendant asks judgment against the plaintiff for said sum." "(4.) That at the commencement of this suit, and now, plaintiff was and is now fully indebted to the defendant in the sum of one thousand dollars as damages, for that, whereas the plaintiff, while in the employ of the defendant as storekeeper and purchasing agent for defendant's stores, the said plaintiff was during said time frequently under the influence of whiskey, and by reason of which, and by reason of his rude and insulting manner to defendant's customers the same were drawn or run off from trading at defendant's said stores in charge of plaintiff." "(6.) That plaintiff's discharge was for a good cause." "(7.) That plaintiff was offered and accepted other employment during the term the contract had to run." The plaintiff demurred to the pleas here set out, and these demurrers were sustained.

On the trial, Adam Myatt, a witness for the defendant, testified that plaintiff "was not polite to customers, and I have seen him, on several occasions when customers would come into the store to settle their accounts, rude and insulting to them." Here the defendant offered to prove by this witness that certain customers told him that they quit trading at the store during the time the plaintiff was in charge, and that such customers told witness that they had quit because Mr. Knox was rude and insulting to them when they went to settle their accounts at the store. The plaintiff objected to this evidence, and the court sustained the objected. The defendant excepted to this ruling.

The court rendered judgment for the plaintiff, and assessed his damages at $895.15-100. The defendant appeals, and assigns as error the judgment and the several rulings of the court which were excepted to.

R. H. PEARSON, for appellant, cited Strauss v. Meertief, 64 Ala. 299; Buss Furnace Co. v. Glasscock, 82 Ala. 152; Wood on Master and Servant, 312.

N. B. FEAGIN, contra, cited Wilkinson v. Black, 80 Ala. 332; Lidell v. Chidester, 84 Ala. 508; Davis v. Ayers, 9 Ala. 292; Ala. Gold Life Ins. Co. v. Mobile M. Ins. Co., 81 Ala. 329.

[Morris Mining Company v. Knox.]

McCLELLAN, J.—The only counts of the complaint which the evidence tended in any degree to support, or to which the judgment rendered can be referred, are those which proceeded on the theory that the defendant employed plaintiff for one year from March 11th, 1889, at a salary of fifteen hundred dollars; that, after serving four months, he was wrongfully discharged and not permitted to further perform the contract, and that for the remainder of the stipulated period he was ready and willing to discharge his undertaking; and which, upon this predicate, seek to recover the full amount of the salary agreed upon. Under these circumstances, the trial having been without a jury, we shall not consider the other counts or any question decided in respect to them, since no injury could have resulted to the defendant in that conection.—Acts 1888–9, pp. 797, 800, § 7; *Louisville & Nashville Railroad Co. v. Trammell,* 93 Ala. 350.

The action of the trial court in sustaining demurrers to defendant's 3d, 4th, 6th and 7th pleas was excepted to. These exceptions are sought to be sustained here only on the grounds that these pleas were each "good as denying plaintiff's cause of action, and in setting up the defense that plaintiff neglected his duty, and appellant had good cause for discharging him." Each of these defenses was available, and in fact availed of, under the general issue, which was also pleaded; and hence, whether the court's action was abstractly correct or not, it involved no injury to the defendant, and can not be looked to operate a reversal of the judgment.—*L. & N. R. Co., v. Trammell, supra,* and authorities there cited.

It was, of course, open to the defendant to show, as justifying the dismissal of Knox, that his conduct of the business had been such as to drive away customers; but this, no more than any other fact, could not be proved by the declarations of persons who had ceased to trade at defendant's stores, that their action in that matter was the result of plaintiff's misconduct. This was mere hearsay, and properly excluded on that account.

It is insisted that there was a fatal variance between the complaint and proof, in that it was alleged that plaintiff had at all times during the contract period been ready and willing to perform the services required by the contract, and the evidence showed, it is contended, that soon after his dismissal he engaged to serve another for a period of one year, and continued in that service for the remainder of the term covered by the contract with the defendant. The case of *Wilkinson v. Black,* 80 Ala. 329, is, to our minds, decisive

[Morris Mining Company v. Knox.]

of this point adversely to the appellant. It is there, in effect, held that while a wrongfully discharged employee, suing on the contract for the full compensation for the term therein stipulated, must aver readiness and willingness to perform throughout the time he undertook to serve, he is yet under no obligation to prove this averment, but may recover even though it be shown that he had entered into another contract for services, the performance of which would render impossible the fulfillment of his first engagement. This conclusion is reached upon a consideration of that other principle of law, obtaining in this connection, which requires of a discharged servant that he seek other employment after his dismissal, and by so doing lessen the damages for which the employer is liable. We can not do better than here repeat the argument of the court upon which that conclusion was reached in the case cited: "But it is permissible," said SOMERVILLE, J., "for the defendant to show, in order to reduce this *prima facie* amount of recovery [the stipulated salary] that the plaintiff obtained, or could have obtained other employment, by the exercise of reasonable diligence on his part; and the burden of proving these facts rests on the defendant. . . . We take this to be the proper rule, whatever be the form of action. It is true that, where the plaintiff elects to sue upon the contract, averring his readiness at all times to perform, there seems to be a logical repugnancy in the idea that he must seek other employment, inasmuch as to be always strictly ready he must be always idle. This difficulty originates in the doctrine of constructive service, which is a mere fiction of law, according to which a tender and readiness to perform is tantamount to actual performance, and entitling the plaintiff in all proper cases to a recovery of the contract price as the absolute measure of his damages. The doctrine, however, can not be followed to its logical consequences. . . . The averment of a readiness to perform, therefore, by the plaintiff, is not to be taken as absolutely true in all cases, but true only *sub modo*, and for the purpose of sustaining the action. . . . It can not, therefore, be permitted to override a rule of public policy, favoring industry and striking at idleness, by which it is made incumbent on the injured party to do what he reasonably can to lessen the injury suffered by him. . . . The mere act of engaging in other business can not operate to entirely defeat the plaintiff's right of recovery, by negativing the fact that he kept himself in readiness to perform his contract of service." Moreover, the plaintiff, who was the only witness examined on this point, testified that he was at

[Morris Mining Company v. Knox.]

all times ready and willing to perform the services he had undertaken to render the defendant, and we are not prepared to say that the further fact, deposed to by him on cross-examination, that he was employed during a period of twelve months next succeeding his dismissal by the defendant in the sale of hats on commission for a Baltimore house, should be taken as proving the untruth of his testimony in chief, and showing that he was not ready and willing to return to the service of the defendant. · In view of the character of the second employment, the sale of goods on commission, the plaintiff bearing his own expenses, and in view of the fact that the evidence in this regard is fairly susceptible of a construction which would avoid inconsistency between it and the previous testimony of the plaintiff—that is, that it may fairly mean that plaintiff, while in fact he did serve for a twelve months, was under no contractual obligation to do so for that or any other period of time—it may be said that his testimony, taken as a whole, does support the averment of readiness and willingness at all times to perform his contract with the defendant. Be that as it may, however, the conclusion must be that there is no such variance between the averment and proof as will defeat a recovery.

Plaintiff's dismissal was sought to be justified on the ground of misconduct and incapacity on his part in the conduct of defendant's business under the contract. · It is claimed that he was addicted to the use of intoxicants to such an extent as to unfit him for his duties, and to cause him to neglect them; that he was not competent, aside from the matter just referred to, to carry on the business, and that his manner and conduct toward customers of defendant were such as to injure the business by causing them to quit dealing at defendant's stores. The evidence on these points is voluminous, and no good end would be subserved by discussing it here. The trial judge found that it sufficiently preponderated in favor of the plaintiff on each of these questions as to reasonably satisfy the mind that there was no just cause for his dismissal by the defendant. We have carefully examined it, and, without the indulgence of any presumption favorable to the conclusions reached below, reach the like conclusion here.

Affirmed.