# Elder *v.* The State.

*Indictment for Incest.*

1. *Evidence; proof of relationship; pedigree.*—Declarations made by a deceased relative or member of a person's family, though hearsay evidence, are admissible in evidence to prove pedigree or relationship; but pedigree or relationship between two parties can not be proven by general reputation in the neighborhood in which such persons lived.

2. *Incest; charge as to relationship.*—On a trial under an indictment for incest, a charge which instructs the jury that "relationship is a matter that can scarcely be testified to directly

in any case," is erroneous in stating such fact as a conclusion of law.

3. *Argumentative charges* are properly refused.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. A. A. EVANS.

The appellant, Dan Elder, was indicted, tried and convicted of incest with one Paralee Elder. On the trial of the case the evidence for the State tended to show that the defendant was guilty of illicit intercourse with said Paralee Elder; that the defendant was the legitimate son of one Jim Elder, now deceased, and that Paralee Elder was the grand-daughter of the said Jim Elder; she being the legitimate daughter of Leroy and Rachel Elder, and Rachel Elder being the illegitimate daughter of said Jim Elder and a woman whose name was Lydia Jones; that said Jim Elder and Lydia Jones were never married; that said Rachel Elder was for some five or six years prior to her marriage, which occurred about sixteen years before the trial, an inmate of the household of the said Jim Elder, and that said Jim Elder called her his daughter and that Rachel called him father.

Upon the introduction of one Andrew Berry as a witness for the State, he testified, among other things, that he had known Jim Elder in his life time and also knew the defendant and Rachel Elder and Paralee Elder. The solicitor then asked the witness the following question: "How are the defendant and Rachel Elder regarded in the neighborhood in which they live?" The defendant objected to this question on the ground that it called for hearsay, immaterial and irrelevant evidence. The court overruled the objection, and to this ruling the defendant duly excepted. Upon the witness answering that they were regarded in the neighborhood in which they lived as half brother and sister, the defendant moved to exclude the answer, on the ground that it was hearsay, immaterial and irrelevant. The court overruled this objection and the defendant duly excepted. The solicitor then asked this witness the following question: "How are the defendant and Paralee Elder generally regarded

in the neighborhood in which they live?" The defendant objected to this question on the ground that it called for hearsay, immaterial and irrelevant evidence, and duly excepted to the court's overruling his objection. Upon the witness answering that they were generally regarded in the neighborhood in which they lived as uncle and niece, the defendant moved to exclude the answer upon the same grounds as those of the objection to the question, and duly excepted to the court's overruling his motion. The evidence for the State further tended to show that the defendant admitted that Paralee Elder was his niece and that she called him sometimes "Dan" and sometimes "Uncle Dan," and that he called Rachel "sister."

The evidence for the defendant tended to show that Rachel Elder was not the child of Jim Elder.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The alleged admission of defendant of relationship to Paralee Elder, and the evidence that Jim Elder claimed the woman, Rachel Elder, to be his illegitimate daughter, and the fact that she was generally regarded as his daughter in the neighborhood should be acted on with great caution." (2.) "The law regards the admissions on the part of the defendant of relationship with a woman with whom he is charged to have committed the crime of incest as being weak evidence, if not corroborated by other evidence going to show the relationship, and that it should be acted on with great caution; and a mere confession of relationship by defendant, unless so corroborated, will not warrant a conviction."

ERNEST L. BLUE, for appellant.—It was not permissible for the State to prove the relationship between the defendant and Paralee Elder by general reputation in the neighborhood in which they lived; and the court erred in admitting such testimony.—1 Greenleaf on Evidence, § 103; 18 Amer. & Eng. Encyc. of Law, 258, 259 et seq., and authorities cited; White v. Strother, 11 Ala. 720; Rowland v. Ladiga, 21 Ala. 32; Cherry v. State, 68 Ala. 29.

[Elder v. The State.]

CHAS. G. BROWN, Attorney-General, for the State. The evidence tending to show the relationship between the defendant and the person with whom he is charged to have had incestuous relations was admissible.—1 Rice on Evidence, pp. 414, 415; *Cherry v. State,* 68 Ala. 29; *Bain v. State,* 61 Ala. 75; 3 Rice on Evidence, 136-7; *Davis v. Wood,* 4 U. S. (L. ed.), marg. p. 6, p. 22.

DOWDELL, J.—While hearsay evidence is admissible to prove pedigree, it seems to be the settled rule in this State, that the hearsay statements are limited to declarations made by a deceased relative or member of the family.—*White v. Strother,* 11 Ala. 720; *Rowland v. Ladiga's Heirs,* 21 Ala. 32; *Cherry v. State,* 68 Ala. 29; *Rogers v. DeBardelaben,* 97 Ala. 154; 1 Greenleaf on Ev., (15th ed.), § 103; 18 Am. & Eng. Encyc. Law, 258-9.

Pedigree cannot be proven by general reputation in the neighborhood. The court, therefore, erred in permitting the State to prove, against the objection of the defendant, the relationship between the defendant and Rachel Elder and Paralee Elder by general reputation in the neighborhood in which they lived.

It cannot be stated as a conclusion of law that "relationship is a matter than can scarcely be testified to directly in any case," and that portion of the oral charge of the court which we have quoted, and which was excepted to by the defendant, was erroneous. The written charges requested by defendant are clearly argumentative and were properly refused.

For the errors pointed out the judgment of the court must be reversed and the cause remanded.