# Goodwin *v.* The State.

*Carnal Knowledge of Child Under Age of Consent.*

(Decided June 15, 1911.   56 South. 29.)

1. *Witnesses; Impeachment.*—Specific and not general questions are essential in the laying of a predicate as a foundation for the impeachment of a witness by proof of contradictory statements, and hence a question "did you not tell the school children and neighbors generally that you were 13 years old last summer" was so general as to authorize the sustaining of an objection thereto.

2. *Same; Proof of Inconsistent Statements.*—A witness cannot be impeached by proof of contradictory statements unless proper predicate is laid therefor.

3. *Evidence; Hearsay.*—A question to a witness as to what her mother said when the attorney for the defendant called and made inquiries as to the age of the girl, was improper, as calling for hearsay evidence.

4. *Evidence; Reputation; Age.*—Evidence as to the general opinion in the community as to the age of a person is not competent, it being hearsay evidence of a fact susceptible of direct proof, and not within the exception permitting members of the family to testify to age derived from tradition in the family.

5. *Same; Burden of Proof.*—Where a family record was introduced by the defendant the prosecution assumed no burden of explaining changes and alterations therein made.

6. *Charge of Court; Assuming Facts.*—Charges assuming facts about which there is dispute are properly refused as invading the province of the jury.

7. *Same; Singling out Evidence.*—Charges which single out particular portions of the evidence or give undue prominence to particular facts are properly refused.

8. *Witnesses; Impeachment; Predicate.*—No predicate can be laid for the impeachment of a witness by contradictory statements before the witness has testified.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

John Goodwin was convicted of having carnal knowledge of a girl under age of consent, and he appeals. Affirmed.

PORTER M. BRINDLEY, for appellant.   Everything necessary to make out a case against the defendant beyond

[Goodwin v. The State.]

a reasonable doubt must be shown by the state.—*Wharton v. The State,* 73 Ala. 366; *Horton v. The State,* 73 Ala. 255; *Martin's Case,* 19 Ala. 1. It was evident that the birth register had been changed and it was encumbent upon the state to explain the change.—31 Fed. 313; 21 Ore. 382; 28 Pac. 72. The entry was also competent, as originally made and before alteration, to impeach the witnesses.—*Hart v. The State,* 145 Ala. 64; 17 Cys. 298-299. Counsel discuss other assignments but without citation of authority.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The question as to what the witness had said to the school children and the neighbors as to her age was too general to be asked as an impeaching predicate.—*Powell v. The State,* 19 Ala. 581; *Hughes v. Wilkinson,* 35 Ala. 453; *Bradford v. Barclay,* 39 Ala. 33; *Henderson v. The State,* 70 Ala. 29; *Brown v. The State,* 79 Ala. 61; *Floyd v. The State,* 83 Ala. 16. General reputation or opinion of the community is not admissible on the question of age.—*Martin v. The State,* 90 Ala. 602; *Winter v. The State,* 123 Ala. 1. The charges were properly refused because they singled out or gave undue prominence to portions of the evidence, or particular facts therein.

WALKER, P. J.—The court was not in error in sustaining the objection of the solicitor to the question propounded to the prosecutrix on her cross-examination: "Did you not tell the school children and neighbors generally that you were 13 years old last summer?" The question as framed involved a palpable disregard for the rule against mere general questions, not calling to the attention of the witness the time when, the place where, or the persons to whom it is suggested that the witness had made statements at variance with the facts

or statements deposed to, when it is sought to lay the foundation for the subsequent introduction of proof of such inconsistent or contradictory statements or declarations.—*Floyd v. State*, 82 Ala. 16, 2 South. 683; *Powell v. State*, 19 Ala. 577; *Southern Railway Co. v. Williams*, 113 Ala. 620, 21 South. 328.

Nor was the court in error in sustaining the objection to the question to the prosecutrix as to what her mother said on the occasion of the attorney for the defendant calling and making inquiries as to the age of the prosecutrix. What the mother may have said was mere hearsay, and inadmissible, unless offered for the purpose of impeaching her testimony. At the time the question under consideration was asked, the mother had not been examined as a witness, and proof intended to serve the purpose of laying a predicate for the impeachment of her testimony could not be brought into the case before she had deposed to something subject to contradiction, and had been afforded an opportunity to explain the circumstances and purport of what she may have said on the occasion inquired about.—*Powell v. State, supra; Floyd v. State, supra.*

The objection of the solicitor to the question by defendant's counsel to the witness Dave Whitten as to statements made by the father and mother of the prosecutrix in reference to her age was properly sustained, as there was no pretense of a predicate having been laid for the impeachment of those witnesses by proof of contradictory statements or declarations.

The court properly refused, on objections duly interposed, to admit proof, proposed to be made in behalf of the defendant, as to "the general opinion," or "the general reputation in the community," or "the general talk by the school children and the neighbors generally," with respect to the age of the prosecutrix. "The

rule is that hearsay evidence (and such is the evidence of reputation) is inadmissible to establish any specific fact capable of direct proof by witnesses, speaking from their own knowledge; and when the rule is relaxed, it is from necessity alone."—*Abel v. State,* 99 Ala. 631, 8 South. 760. The evidence called for by the questions referred to did not come within the exception to the rule which permits the age of a person to be testified to by himself or by members of his family, although the knowledge may be gained only by tradition.—*Elder v. State,* 123 Ala. 35, 26 South. 213; Jones on Evidence, § 300.

The effect of giving charge A requested by the defendant would have been to put upon the state the burden of explaining to the reasonable satisfaction of the jury the alteration or change in a so-called "family record," which was introduced in evidence by the defendant, if the jury should find from the evidence that it had been altered or changed. The bill of exceptions does not indicate that proof was made as to whose "family record" the document in question was, or when or by whom the entries contained in it were made. The prosecution had nothing to do with bringing the document into the case, made no admission in regard to it, and did not in any way vouch for its genuineness, either in its original or altered condition. It was not in any way bound by or committed to the document as evidence in the case; and it is not conceived upon what theory the claim could be made that the introduction of the document in evidence by the defendant had the effect of putting upon the prosecution the duty of explaining an alteration of it, when it was not made to appear that the prosecution had even consented that the court or jury consider or weigh it as evidence in the case, either as it was originally or as it was after being

changed. The prosecution was under no duty in reference to a document with which it had no connection, so far as the evidence disclosed; and the charge mentioned was properly refused. Besides, the charge improperly assumed the authenticity of the document, either in its original or altered condition, as a "family record" having some bearing upon the issues in this case. This was an invasion of the province of the jury.

To justify the refusal of the court to give charge B requested by the defendant, it is sufficient merely to mention the familiar rule that a party is not entitled to require the court to single out a particular phase of the evidence and to direct the attention of the jury to it.—*Fountain v. State,* 98 Ala. 40, 13 South. 492; *Stone v. State,* 105 Ala. 60, 17 South. 114.

Affirmed.