# *Ex Parte* Phillips, *in re* Phillips *v.* The State.

## *Arson.*

(Decided June 30, 1914. 66 South. 3.)

1. *Witnesses; Impeachment; Predicate.*—Before a witness can be impeached by showing contradictory statements made out of court, his attention must be called to the time and place at which he made them.

2. *Same.*—Where the facts before the trial judge show that the witness knew the time and place where the contradictory statements were made, about which he was being interrogated, and show that he could not have been taken by surprise, but would be afforded ample opportunity to make any explanation desired, a sufficient predicate was laid for the admission of such statement, although the question asked did not fix the place.

3. *Appeal and Error: Court of Appeals; Review by Supreme Court.*—Where the Court of Appeals found as a fact from the record that witness knew the place inquired about, and could not have been taken by surprise, but was afforded ample opportunity to make any desired explanation, such a finding was a finding of fact which will not be reviewed by the Supreme Court.

CERTIORARI to Court of Appeals.

Petition by Julian Phillips for a certiorari to the Court of Appeals to review and revise the judgment and decision of that court affirming the judgment of the lower court in the case of *Julian Phillips v. State.* Writ denied.

ERNEST H. HILL and WEIL, STAKELY & VARDAMAN, for appellant. Counsel used the same brief set out on the former appeal in *Phillips v. State,* 11 Ala. App. 168.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel used same brief set out on the former appeal in *Phillips v. State,* 11 Ala. App. 168.

DE GRAFFENRIED, J.—A witness cannot be impeached by showing contradictory statements made out of court, unless his attention is called to the time and place at which he made them.—*Lewis v. Post & Main,* 1 Ala. 65; *Powell v. State,* 19 Ala. 577; *Nelson v. Iverson,* 24 Ala. 9, 60 Am. Dec. 422; *Southern Railway Co. v. Williams,* 113 Ala. 621, 21 South. 328.

We cite the above cases, not for the purpose of showing authorities in which a well-known rule is announced but because they discuss the rule and give the reasons upon which it is based.

In the instant case the Court of Appeals find, as a *fact,* that when the impeached witness Myers was being interrogated in reference to the statement about which he was contradicted by the witness Mixon, it was evident that Myers *knew* the *place* of the conversation inquired about and which was made the subject of contradiction. If the trial judge saw that Myers knew the place of the alleged contradictory statement, if the trial judge had facts which established *this,* then there was no necessity for fixing the *place* of the alleged contradictory statement in the preliminary question.

"The predicate is sufficiently laid when the attention of the witness is called to the time, place, and circumstances and persons involved, and the statements made; but the rule is not iron-clad (that is, it does not require

[Davis v. The State.]

perfect precision as to either). *When it is clear that the witness cannot be taken by surprise, and ample opportunity is afforded to make any explanation desired, the predicate is sufficient to authorize proof of contradictory statements."—Southern Railway Co. v. Williams, supra.*

The opinion of the Court of Appeals fully recognizes the above rule, and, in its opinion on file in this case, that court states, *as a finding of fact* from the bill of exceptions, that, under that part of the rule which we have above italicized, the evidence of which appellant complains was competent. We have steadily refused to review the findings of fact of the Court of Appeals, and for that reason this writ must be denied. The other questions presented to us for review were properly disposed of by the Court of Appeals.

Writ denied. All the Justices concur.