# Peoples Shoe Co. *v.* Skally.

### Assumpsit.

(Decided April 20, 1916. 71 South. 719.)

1. **Master and Servant; Discharge; Salary; Mitigation.**—Where an employee sued for compensation after wrongful discharge, pleas attempting to set up a defense that plaintiff could have received compensation in other employment which purported to be pleas in bar of the action, not stating expressly or by fair implication that they were pleas in abatement or mitigation of damages, were subject to demurrer, since a plea must answer all it professes to answer.

2. **Pleading; Sufficiency; Answering Part.**—A plea professing to answer the whole declaration, but which in fact answers only one count thereof, is bad on demurrer.

3. **Same.**—A plea which assumes to answer the whole declaration, but which omits to answer a material part thereof, is bad on demurrer.

4. **Master and Servant; Compensation; Reduction.**—When sued for wrongful discharge, an employer may reduce the amount of recovery by

showing that the servant obtained other employment, or might have done so by the exercise of reasonable diligence, but he cannot use the fact to defeat entirely the servant's cause of action.

5. **Damages; Mitigation.**—Matter in mitigation of damages is admissible under the general issue.

6. **Appeal and Error; Harmless Error; Pleading.**—Where matter is available under the general issue, any error in sustaining demurrer to special pleas setting up such matter is harmless.

7. **Same.**—Where a certain part of a plea is good only in reduction of damages, but is not good as a bar to the action, such matter is available under the plea of general issue, and its elimination from the plea by motion to strike is harmless.

8. **Same; Striking Plea.**—Any error in striking special pleas is rendered harmless where the matters therein contained are available under the general issue.

9. **Charge of Court; Directing Verdict.**—Where evidence is in conflict as to the material facts upon which the right of recovery depends, the court cannot properly direct the verdict.

10. **Trial; Objection to Evidence; Time.**—Unless the questions are answered before counsel has an opportunity to object, objections not made until after the questions are answered, came too late.

11. **Witnesses; Impeachment.**—After proper predicate laid it is competent to show that the general manager of defendant company, a witness in the case, the defense depending on his testimony, had been talking with the witnesses in the case, asking them as to what they would testify, what the witnesses had told defendant's counsel, and that the manager told the witnesses they should or must change their testimony.

12. **Same.**—A predicate is required before a witness can be impeached by contradictory statements, to prevent surprise and give him an opportunity to explain; if his attention is called to the time and place, circumstances and persons involved, and the statements made, the rule is satisfied.

13. **Same.**—A witness cannot defeat the introduction of contradictory statements offered to impeach him by stating that he does not remember, etc.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by John Skally against the People's Shoe Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 450. Affirmed.

The declaration was upon breach of contract of employment. The pleas were: The general issue. Plaintiff left the employment of the defendant of his own free will and accord on July 1, 1914, and was not discharged; left such employment without cause on the part of the defendant. That after plaintiff ceased to work for defendant plaintiff did obtain other employment in the same line and character of work and business in which he

[Peoples Shoe Co. v. Skally.]

was theretofore employed by defendant, and in the same community in which plaintiff was theretofore employed by defendant, at a salary of $100 per month, and worked at such employment for a period of one month. That after plaintiff worked in the employment of defendant plaintiff went into business for himself in the same community in which he was theretofore employed by defendant, from which said business plaintiff realized the sum of $500. Plaintiff could have, by the exercise of reasonable effort and diligence, obtained employment of the same character in which he had theretofore been employed by defendant and in the same locality and community from the time he ceased to be an employee of defendant. J. L. Cawthon was bing examined as a witness; he being the president of the People's Shoe Company. He was asked: "Now, didn't you have a conversation with Mr. McAtee in your store after he had been over to Mr. Armbrecht's office, Mr. Armbrecht being your attorney, in which you inquired as to what he had told Mr. Armbrecht, and when Mr. McAtee told you, in substance, that he told Mr. Armbrecht he had a contract by the year, that you then told him that would be throwing you down, and he must go to Mr. Armbrecht and change his testimony?"

This question was also propounded as to other witnesses, and, after objection overruled, the witness answered: "No." These witnesses were introduced in rebuttal and asked if such conversation took place between them and Mr. Cawthon, and, after objection overruled, the witnesses answered: "Yes." The charges sufficiently appear.

ARMBRECHT, WHITE & MCMILLAN, for appellant. LEIGH & CHAMBERLAIN, and STEVENS, McCORVEY & McLEOD, for appellee.

MAYFIELD, J.—This is an action by an employee to recover the salary or compensation he would have received for six months' service but for the alleged wrongful discharge by the employer. The trial was had on the general issue and special pleas setting up the fact that plaintiff voluntarily quit the employment, and that he was not wrongfully discharged. The defendant also filed several pleas, attempting to set up the defense that the plaintiff did receive, or could have received, similar or like employment in the same community, and received, or could have received, ample or full compensation for his services, and that he was therefore not damaged if discharged as alleged.

(1) Demurrers were sustained as to these pleas, and the first assignments of error go to these rulings of the court. These pleas were each clearly subject to the demurrer interposed. They profess or purport to be pleas in bar of the entire action, and not in abatement, or in mitigation of damages. Counsel for appellant are in error in concluding that the pleas do not profess or purport to answer the entire cause of action alleged, but go only in bar of a part, or in mitigation of damages. If they were intended as such by the pleader, the pleas should have said so, either expressly or by fair implication. Counsel for appellant concede that the law and a rule of pleading is that a plea must answer all it professes to answer; but they say these pleas do this. As we have said above, we do not agree with counsel in this construction of the pleas.

(2) A plea professing to answer the whole declaration, and which answered only one count, will be adjudged bad on demurrer.—*Adams v. McMillan, Ex'r,* 7 Port. 75; *Tomkies, et al. v. Reynolds,* 17 Ala. 109; *Wilkinson v. Moseley,* 30 Ala. 562.

(3) So a plea assuming to answer the whole declaration, but omitting to answer a material part, is bad on demurrer.—*Standifer v. White,* 9 Ala. 527; *Mills & Co. v. Stewart,* 12 Ala. 90; *White v. Yarbrough,* 16 Ala. 109.

(4) "The defendant may reduce the amount of recovery by showing such other employment, or that plaintiff might have obtained other employment by the exercise of reasonable diligence; but these facts could not be used to defeat entirely plaintiff's cause of action.—*Wilkinson v. Black,* 80 Ala. 329; *Morris & Co. v. Knox,* 96 Ala. 320, 11 South. 207; *Troy Co. v. Logan,* 96 Ala. 619, 12 South. 712."—*Fitzpatrick, etc., Co. v. McLaney,* 153 Ala. 586, 592, 44 South. 1023, 127 Am. St. Rep. 71.

(5, 6) Moreover, if the pleas were intended as counsel for appellant contend—that is, in mitigation of damages—such matter was admissible under the general issue, and the record shows that this matter was litigated under the general issue; hence, if error, it would be without possible injury.

(7) Where a certain part of a plea is good only in reduction of damages, but not as a defense in bar, whether such matters are properly stricken from the file, if stricken on motion, is immaterial, for the reason that the matter would be available under the plea of the general issue, and, if so, its elimination from the plea by motion to strike would be without injury.—*Hayes v.*

*Miller,* 150 Ala. 621, 43 South. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93.

(8) Error is without injury in striking special pleas when the matters contained therein are avialable under the general issue.—*N. C. & St. L. Ry. v. Karthaus,* 150 Ala. 633, 43 South. 791.

The master who wrongfully discharges his servant is liable in an action by the servant whether the latter obtain or fail to obtain other employment, but the master may reduce the recovery by proof of other employment or that the servant might have obtained other employment by reasonable diligence.—*Fitzpatrick, etc., Co. v. McLaney, supra; Wilkinson v. Black, supra; Morris v. Knox, supra,* 96 Ala. 320, 11 South. 207; *Troy v. Logan, supra.*

The real dispute between the parties was of questions of fact: First, whether or not there was a contract of employment from July, 1914, to January, 1915; and, second, whether or not the defendant in fact discharged the plaintiff.

(9) There is no contention that there was any justification for the discharge, nor that plaintiff quit the service. The defendant contends: First, that the employment was by the month, and not by the year, as plaintiff claims; and, second, that plaintiff was not discharged, but left the service voluntarily. While there is some difference as to other questions, the two above mentioned were the main controverted facts upon which the right of recovery depended. The evidence was clearly in dispute as to both of these questions, and therefore the court correctly declined to peremptorily instruct the jury to find for the defendant, or to give the affirmative charge with the usual hypothesis. The trial court, at the request of the defendant, instructed the jury as follows: "The court charges the jury that, if they believe from the evidence that the plaintiff voluntarily left the employment of the defendant without fault on the part of the defendant, they cannot find a verdict for the plaintiff."

"The court charges the jury that, if they believe from the evidence that the defendant offered to keep the plaintiff in his employ after July 1st until the plaintiff could secure another job at similar employment in the same line of business in the same community at a rate of salary satisfactory to the plaintiff, plaintiff cannot recover."

[Peoples Shoe Co. v. Skally.]

"The court charges the jury that, unless they believe from the evidence that the plaintiff and the defendant entered into a definite contract whereby the plaintiff agreed to serve the defendant and the defendant agreed to employ the plaintiff for a definite term ending December 31, 1914, they must find for the defendant."

These charges were certainly as favorable to the defendant as it had a right to receive.

(10) There is a great number of assignments of error as to rulings on the evidence. It is unnecessary to treat them separately. Suffice it to say the entire record has been carefully reviewed and each objection and exception examined separately, and that we find no reversible error in any of the rulings. Many of the objections to questions propounded to the witnesses were not made until after the question was answered, and hence came too late; there being nothing to show that the question was answered before counsel could interpose objection. Neither parties nor counsel are allowed to speculate on the answer before interposing an objection to the question. Moreover, there was no motion to exclude the answer in several instances. As to the exceptions based on the sustaining of plaintiff's objections to questions propounded to witnesses, they are each without merit, or it was not shown that the answer would be material or relevant; the questions themselves not being such in their nature to show the competency or relevancy of the proposed answers. We feel sure that, if there could be said to be error in any one of the specified rulings on exceptions, this record shows that it was without injury to this appellant.

(11) It was certainly competent for plaintiff to prove that the general manager of defendant company had been talking with the witnesses in the case, and asking them as to what they would testify, and what the witnesses had told defendant's counsel, and that the general manager told the witnesses they ought to or must change their testimony. Such matters were certainly admissible when the defendant's president or general manager was a witness in the case, and the defense depended almost entirely upon his testimony. There was no such discrepancy between the predicate laid when the president or manager was on the stand and the questions propounded to the witnesses as to what was said and done by the former as to render the evidence inadmissible. It appears from the record with reasonable cer-

tainty that the predicate informed the witnesses of the times, places, and occasions, as well as of the matters inquired about.

(12) In order to impeach a witness by contradictory statements, a predicate is required to prevent surprise and give the witness an opportunity to explain. If the attention of the witness is called to the time and place, circumstances and persons involved, and the statements made, the rule is satisfied. It does not require a perfect precision as to either.—*Southern Railway Co. v. Williams,* 113 Ala. 620, 21 South. 328. See *Carlisle v. Hunley, Ex'x,* 15 Ala. 623; *Lewis v. Post,* 1 Ala. 65; *State v. Marler,* 2 Ala. 43, 36 Am. Dec. 398; *Powell v. State,* 19 Ala. 577; *Nelson .v. Iverson,* 24 Ala. 9, 60 Am. Dec. 442.

(13) A witness cannot defeat the introduction of contradictory statements offered for the purpose of impeaching him by stating that he does not remember, and the like answers.—*Southern Ry. Co. v. Williams,* 113 Ala. 620, 21 South. 328; *Brown v. State,* 79 Ala. 61; 4 Mayf. Dig. p. 1198.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.