(92 South. 511)

REED v. STATE. (1 Div. 433.)

(Court of Appeals of Alabama. Jan. 10, 1922.)

1. Criminal law ☞417(6)—Miscegenation ☞6—Witnesses held not within rule permitting hearsay evidence of pedigree; affirmative charge should have been given.

In a miscegenation prosecution, under an indictment charging defendant, an alleged negro, with marrying a white woman, where the state's witnesses had no first-hand knowledge as to defendant's ancestors or their blood, their evidence was hearsay, the rule permitting the introduction of hearsay evidence as to pedigree being limited to declarations by a deceased relative or member of the family, and in view of all the testimony defendant's general affirmative charge should have been given.

2. Criminal law ☞1124(4)—Refusal of new trial not reviewable, where evidence offered does not appear.

The overruling of a motion for a new trial cannot be reviewed, where it does not appear what, if any, evidence was offered in support thereof.

3. Criminal law ☞1111(2) — Judgment entry that court ascertained "that defendant is of Indian or Spanish origin" significant that state failed to make case of miscegenation.

In a miscegenation prosecution for intermarriage of defendant, an alleged negro, with a white woman, the judgment entry stating "that, before passing sentence, the court proceeded to ascertain that defendant is of Indian or Spanish origin," while not evidence, held strongly persuasive of the fact that a case was not made against defendant, and that his general affirmative charge should have been given.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Percy Reed was convicted of miscegenation, and he appeals. Reversed and remanded.

Granade & Granade, of Chatom, for appellant.

---

The defendant was entitled to the affirmative charge, as unquestionably he was not within the purview of the statute. Section 7421, Code 1907; 10 L. R. A. 823; 18 Ala. 276; 5 Words and Phrases, 416; 7 Mass. 88; 18 Ala. 720; 88 Ala. 216, 7 South. 261.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. ·The defendant was convicted under an indictment which charged that he, a negro or a descendant of a negro, did intermarry or live in adultery or fornication with a white woman, and was sentenced to the penitentiary for an indeterminate number of years.

[1, 2] The defendant demanded a severance and was tried alone. There were only two witnesses for the state, and an examination of their testimony shows that they had no first-hand knowledge as to who the parents and grandparents of the defendant were, and whether Caucasian, Indian, Spanish, African, or mixed blood. The best that can be said of their testimony is, from the state's viewpoint, that one of them did state that the defendant was a mulatto or of negro blood, and that he drew this conclusion from the defendant's color. The defendant's testimony tended to show that he was of Indian or Spanish descent, and that, while he was of dark color, he had no negro blood in him.

One of the state witnesses after the trial made an affidavit that he was mistaken in a part of the testimony he had given against the defendant, and this affidavit was incorporated in his motion for a new trial. While we cannot review the action of the trial court in overruling the motion for a new trial, it not appearing what, if any, evidence was offered in support thereof, yet the general affirmative charge was refused to the defendant, and we are led to the conclusion, after a careful consideration of all the evidence, that it should have been given. As stated above, the testimony of the state witnesses was almost wholly hearsay, and they did not bring themselves within the rule that admits the introduction of hearsay testimony of this character. While hearsay evidence is admissible to prove pedigree, it seems to be the settled ·rule in this state that the hearsay statements are limited to declarations made by a deceased relative or member of the family. Elder v. State, 123 Ala. 35, 26 South. 213; Rogers v. De Bardelaben, 97 Ala. 154, 12 South. 81.

[3] There is another significant fact in the record in this case, which is strongly persuasive to us that the state failed to make out a case against the defendant, and that the affirmative charge should have been given for the defendant. In the judgment entry this statement appears:

"Before passing sentence, the court proceeded to ascertain that the defendant is of Indian and Spanish origin."

While this is in no wise evidence in the case, yet one cannot help asking how the trial judge made this ascertainment, when the verdict of the jury must of necessity have been arrived at upon an ascertainment that the defendant was of African origin.

For the error pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.